*MICHOUD, SYNDIC of the CREDITORS of DA-LON, vs. LACROIX.*

APPEAL from the first judicial district.

MATHEWS, J. delivered the opinion of the court. In this case the syndic sues to recover from the defendant, certain slaves described in his petition, and their hire for the time during which they have been in possession of the latter.

If A purchases slaves for B, who refuses to recognise A's agency, no title passes to B.

Parol proof of simulation in written contracts is not admissible in cases where the party whose interest it may be to prove might have taken a counter-title.

It is alleged that the insolvent is the owner of said slaves, as having been paid for with his money and notes, and that he was in possession of them until they were taken from him by a writ of attachment obtained by the defendant, against property of one Louis Menard, wherein they were seized, &c.

The answer contains several exceptions to the action, a general denial, and sets up title in the present possessor. The court below gave judgment of nonsuit on a trial of the merits, from which the plaintiff appealed.

The evidence of the case shows, that the slaves now in dispute, together with a tract of land, were purchased from Francois Lambert, for Louis Menard, by an assumed agency on the part of Francois Menard, his brother : the whole property was paid for by promissory notes of divers persons, endorsed

DALON'S
SYNDIC
*vs.*
LACROIX

by F. Menard, as agent for his brother Louis, amongst which, one for 925 dollars, made by Dalon, came by regular transfer into the possession of the present defendant. It was protested for non-payment, and suit was commenced by attachment against Louis Menard, and the slaves now in dispute, were seized as his property. In that suit Dalon intervened, claiming the slaves as belonging to him, and prayed a trial by jury, which the district court refused, and proceeded to give judgment in favor of the plaintiff, for the sum claimed. Dalon appealed: the judgment was reversed in the supreme court, and the cause sent back to be tried *de novo*. The appeal was not taken in such a manner as to stay execution, and the sheriff proceeded to sell the property attached on a *fi. fa.* At the sale, the plaintiff in execution, became the purchaser, and obtained a sheriff's deed. After the cause went from the supreme to the district court, it was discovered that L. Menard had refused to sanction the purchase made by his brother Francois, consequently acquired no title to the property bought, and the attachment suit was dismissed. Another appeal was taken, and the judgment of the district

court was affirmed.   Nothing definitive in
relation to Dalon's claim, was determined in
this suit, and he having become insolvent, the
syndic of his estate renews it in the present
action.

Whether the defendant, under all the circumstances of the case, is entitled to the protection accorded by law to innocent purchasers, we need not inquire: he has been so long in possession of the slaves, that he can only be disturbed by a person showing a better title than that under which he claims. The present is, in truth, a petitory action, and the plaintiff can recover only by showing title in the insolvent.   The property was transferred by Lambert, to Louis Menard, who refused to accept it, by disavowing the purchase made by his brother; and therefore never had any title to it.   The claim of title in favor of Dalon, as alleged in the petition, is founded on a possession which he had previous to the seizure under Lacroix's attachment, and the circumstance of the price having been paid out of his funds.   The loan of money to pay the price of property bought, cannot of itself give title to the lender in any case: and according to our law, all sales of

Eastern District.
*January*, 1830.

DALON'S
SYNDIC
*vs.*
LACROIX

immoveable property or slaves, must be made by authentic act, or under private signature. L. Code, art. 2415. Title to this species of property, cannot be passed by parole. It is therefore clear, that although the allegations of the petition should be taken as true, the plaintiff has shown no legal title in the insolvent, to the property claimed : but it does not appear that the price was paid by Dalon, at least so far as it has relation to the sum of 925 dollars, for which Lacroix recovered a judgment as above stated. In the course of the trial of the cause in the court below, witnesses were offered on the part of the plaintiff, to prove that the act of sale to Menard‡ was simulated, and was really intended to convey the property in these slaves to Dalon. Testimonial proof of this nature was rejected by the judge, and a bill of exceptions taken, &c. We are of opinion that the court did not err in rejecting the testimony.

1. Because simulation or fraud is not alleged in the petition.

2. Because parol proof of simulation in written contracts, is not admissible in cases where the party whose interest it may be to prove it, might have taken a counter-title.

Now, if at the time when the purchase was made by Menard from Lambert, it was intended to give title to Dalon, in the slaves which were bought, although by the act of sale they were conveyed to Menard, Dalon, who it is alleged paid the price, must be presumed to have known this fact, and could have requested a counter-title.— *Vol* 1, 451 &. *vol* 4, 123.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Seghers* for plaintiff, *Denis* for defendant.